IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALBERT STEVEN ALLEN and RANDY MARK ALLEN,  **Plaintiffs,**  v.  APACHE CORPORATION,  **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 6:22-cv-00063-JAR<br>)<br>)<br>)<br>)<br>) |

**ORDER AND JUDGMENT GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

This is a certified class action brought by Plaintiffs Albert Steven Allen and Randy Mark Allen ("Plaintiffs" or "Class Representatives"), on behalf of themselves and all others similarly situated ("Plaintiffs" or "the Class"), against Defendant Apache Corporation ("Defendant") for the alleged failure to pay statutory interest on payments made outside the time periods set forth in the Production Revenue Standards Act, 52 O.S. §570.1, *et seq*. (the "PRSA") for oil and gas production proceeds from oil and gas wells in Oklahoma. On July 21, 2022, the Parties executed a Stipulation and Agreement of Settlement (the "Settlement Agreement") finalizing the terms of the Settlement.[1]

On August 1, 2022, the Court preliminarily approved the Settlement and issued an Order Granting Preliminary Approval of Class Action Settlement, Certifying the Class for Settlement Purposes, Approving Form and Manner of Notice, and Setting Date for Final Fairness Hearing (the "Preliminary Approval Order"). In the Preliminary Approval Order, the Court, *inter alia*:

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Settlement Agreement.

1

a. certified the Settlement Class for settlement purposes, finding all requirements of Federal Rule of Civil Procedure 23 have been satisfied, for settlement purposes only, with respect to the proposed Settlement Class;

b. preliminarily found: (i) the proposed Settlement resulted from extensive arm's-length negotiations; (ii) the proposed Settlement was agreed to only after Class Counsel had conducted legal research, extensive discovery and analysis regarding the strengths and weaknesses of Class Representatives' and the Settlement Class' claims; (iii) Class Representatives and Class Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate; and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class;

c. preliminarily approved the Settlement as fair, reasonable, and adequate and in the best interest of the Settlement Class;

d. preliminarily approved the form and manner of the proposed Notice, Summary Notice, and Long Form Notice to be communicated to the Settlement Class, finding specifically that such Notice, Summary Notice, and Long Form Notice, among other information, fairly and adequately: (a) described the terms and effect of the Settlement, among other information; (b) notified the Settlement Class of the time and place of the Final Fairness Hearing; (c) described the options for requesting exclusion from the Settlement or objecting to the Settlement or any part thereof; and (d) directed potential Class Members to where they may obtain more detailed information about the Settlement;

e. instructed the Settlement Administrator to disseminate the approved Notice by mail to potential members of the Settlement Class, to publish the Summary Notice, and

to display the Long Form Notice and other documents related to the Settlement on an Internet website in accordance with the Settlement Agreement and in the manner approved by the Court;

      f.      provided for the appointment of a Settlement Administrator;

      g.      provided for the appointment of an Escrow Agent;

      h.      set the date and time for the Final Fairness Hearing as November 16, 2022 at 10:30 A.M. in the United States District Court for the Eastern District of Oklahoma; and

      i.      set out the procedures and deadlines by which Class Members could properly request exclusion from the Settlement Class or object to the Settlement or any part thereof.

After the Court issued the Preliminary Approval Order, due and adequate notice by means of the Notice, Summary Notice and Long Form Notice was given to the Settlement Class, notifying them of the Settlement and the upcoming Final Fairness Hearing. On November 16, 2022, in accordance with the Preliminary Approval Order and the Notices, the Court conducted a Final Fairness Hearing to, *inter alia*:

      a.      determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Settlement Class;

      b.      determine whether the notice method utilized by the Settlement Administrator: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated under the circumstances to apprise Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted

due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure, the state and federal Constitutions, and any other applicable law;

      c.      determine whether to approve the Allocation Methodology, the Initial Plan of Allocation, and distribution of the Net Settlement Fund to Participating Class Members;[2]

      d.      determine whether a Judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Litigation against Defendant with prejudice and extinguishing, releasing, and barring all Released Claims against all Released Parties in accordance with the Settlement Agreement;

      e.      determine whether the applications for Plaintiffs' Attorneys' Fees, reimbursement for Litigation Expenses, and Case Contribution Award(s) to Class Representatives are fair and reasonable and should be approved;[3] and

      f.      rule on such other matters as the Court deems appropriate.

The Court, having reviewed the Settlement, the Settlement Agreement, and all related pleadings and filings, and having heard the evidence and argument presented at the Final Fairness Hearing, now **FINDS, ORDERS, and ADJUDGES as follows**:

1.      The Court, for purposes of this Order and Judgment (the "Judgment"), adopts all defined terms as set forth in the Settlement Agreement and incorporates them as if fully set forth herein.

---

[2] The Court will issue a separate order pertaining to the allocation and distribution of the Net Settlement Proceeds among Participating Class Members (the "Plan of Allocation Order").

[3] The Court will issue separate orders pertaining to Class Counsel's request for Attorneys' Fees and reimbursement of Litigation Expenses and Class Representatives' request for a Case Contribution Award.

2. The Court has jurisdiction over the subject matter of this Litigation and all matters relating to the Settlement, as well as personal jurisdiction over Defendant and Class Members.

3. The Settlement Class, which was previously certified, is defined as:

All non-excluded persons or entities:

All non-excluded persons or entities who received, or during the pendency of this action will receive, Untimely Payments from Defendant for O&G Proceeds from Oklahoma Wells and whose payments did not also include statutory interest prescribed by the Act.

The persons or entities excluded from the Class are: (1) agencies, departments, or instrumentalities of the United States of America and the State of Oklahoma, including but not limited to the U.S. Department of the Interior (the United States, Indian tribes as defined at 30 U.S.C. §1702(4), and Indian allottees as defined at 30 U.S.C. §1702(2)); (2) Commissioners of the Land Office of the State of Oklahoma ("CLO"); (3) publicly traded oil and gas companies and their affiliates; (4) persons or entities (and their affiliates) who are the Oklahoma Corporation Commission ("OCC") designated operator of more than fifty (50) wells in the month when this Class definition was originally filed; (5) persons or entities that Plaintiffs' counsel may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct, including, but not limited to, Charles David Nutley, Danny George, Dan McClure, Kelly McClure Callant, and their relatives; (6) officers of the court; and (7) Owners in regard to whom Defendant is required by the Act to pay O&G Proceeds annually for the 12 months accumulation of O&G Proceeds totaling less than $100.00, provided, however this exclusion of so-called "minimum pay" Owners does not apply to interest claims for other 12 month periods accumulation of O&G Proceeds when the same Owner was entitled to $100 or more and thus not in a "minimum pay" status.

The Court finds that the persons and entities identified in the attached Exhibit 1 have submitted timely and valid Requests for Exclusion and are hereby excluded from the foregoing Settlement Class, will not participate in, or be bound by, the Settlement, or any part thereof, as set forth in the Settlement Agreement, and will not be bound by or subject to the releases provided for in this Judgment and the Settlement Agreement.

4. As used in this Order and Judgment, the following terms shall have the following meanings:

    a.    **"Released Claims"** include all claims and damages (statutory, contract, tort, equitable, punitive, and other relief) of the Releasing Parties related to underpaid and unpaid statutory interest for payments on Oklahoma oil and gas production made during the Claim Period. This release includes claims asserted in the Litigation, or that could have been asserted in the Litigation, for failure to pay interest on payments made outside the time periods set forth in the Production Revenue Standards Act or applicable contracts, but does not include claims alleged in: *Rhea v. Apache* (E.D. Okla., Case No. 14-cv-00433-JH); or *Chieftain Royalty Co. v. Apache* (Caddo County, Case No. CJ-2012-81).

    b.    **"Released Parties"** means Defendant as well as its respective parent companies, subsidiaries, affiliates, former or present officers, directors, members, employees, agents, attorneys, board members, successors, assigns, and consultants.

    c.    **"Releasing Parties"** means Plaintiffs and all Settlement Class members who do not timely and properly opt-out or submit a request for exclusion from the settlement, and who are not otherwise excluded from the Settlement Class by order of the Court.

    d.    **"Claim Period"** means November 30, 2003 through July 21, 2022, the date of execution of the Parties' Settlement Agreement.

5.    At the Final Fairness Hearing on November 16, 2022, the Court fulfilled its duties to independently evaluate the fairness, reasonableness, and adequacy of, *inter alia*, the Settlement and the Notice of Settlement provided to the Settlement Class, considering not only the pleadings and arguments of Class Representatives and Defendant and their respective counsel, but also the concerns of any objectors and the interests of all absent Class Members. In so doing, the Court considered arguments that could reasonably be made against, *inter alia*, approving the Settlement and the Notice of Settlement, even if such argument was not actually presented to the Court by pleading or oral argument.

6.    The Court further finds that due and proper notice, by means of the Short Form Notice, Summary Notice, and Long Form Notice, was given to the Settlement Class in conformity with the Settlement Agreement and Preliminary Approval Order. The form, content, and method of communicating the Short Form Notice mailed to the Settlement Class, the published Summary

Notice, and the Long Form Notice which was posted on the internet website, all pursuant to the Settlement Agreement and Preliminary Approval Order: (a) constituted the best practicable notice under the circumstances; (b) constituted notice reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (c) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, the Due Process protections of the State of Oklahoma, and any other applicable law. Therefore, the Court approves the form, manner, and content of the Notice, Summary Notice and Long Form Notice used by the Parties. The Court further finds that all Class Members have been afforded a reasonable opportunity to request exclusion from the Settlement Class or object to the Litigation and Settlement.

7.  The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Litigation as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, including that: the members of the Settlement Class are so numerous that joinder of all Class Members in the class action is impracticable; there are questions of law and fact common to the Settlement Class that predominate over any individual questions; the claims of the Class Representatives are typical of the claims of the Settlement Class; Class Representatives and Plaintiffs' Counsel have fairly and adequately represented and protected the interests of the Class Members; and, after considering the interests of the Class Members in individually controlling the prosecution of separate actions, the extent and nature of litigation already commenced by members of the Settlement Class, the desirability or undesirability of

continuing the litigation of these claims in this forum, and the difficulties likely to be encountered in the management of a class action – a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Pursuant to and in accordance with Federal Rule of Civil Procedure 23, the Settlement, including, without limitation, the consideration paid by Defendant, the covenants not to sue, the releases, and the dismissal with prejudice of the Released Claims against the Released Parties as set forth in the Settlement Agreement, is finally approved as fair, reasonable, and adequate and in the best interests of the Settlement Class. The Settlement Agreement was entered into between the Parties at arm's-length and in good faith after substantial negotiations and mediation, and was free of collusion. The Settlement fairly reflects the complexity of the Claims, the duration of the Litigation, the extent of discovery, and the balance between the benefits the Settlement provides to the Settlement Class and the risk, cost, and uncertainty associated with further litigation and trial. Serious questions of law and fact remain contested between experienced counsel and parties alert to defend their interests. The Settlement provides a means of gaining immediate valuable and reasonable compensation and forecloses the prospect of uncertain results after many more months or years of additional discovery and litigation. The considered judgment of the Parties, aided by experienced legal counsel, supports the Settlement. The Parties, Settlement Administrator, and Escrow Agent are hereby authorized and directed to comply with and to cause the consummation of the Settlement in accordance with the Settlement Agreement, and the Clerk of this Court is directed to enter and docket this Judgment in the Litigation.

8. By agreeing to settle the Litigation, Defendant does not admit, and instead specifically denies, that the Litigation could have otherwise been properly maintained as a

contested class action (as opposed to a settlement class), and specifically denies any and all wrongdoing and liability to the Settlement Class, Class Representatives, and Class Counsel.

9. The Court finds that on July 29, 2022, Defendant caused notice of the Settlement to be served on the appropriate state official for each state in which a Class Member resides, and the appropriate federal official, as required by and in conformance with the form and content requirements of 28 U.S.C. § 1715. In connection therewith, the Court has determined that, under 28 U.S.C. § 1715, the appropriate state official for each state in which a Class Member resides was and is the State Attorney General for each such state, and the appropriate federal official was and is the Attorney General of the United States. Further, the Court finds it was not feasible for Defendant to include on each such notice the names of each of the Class Members who reside in each state and the estimated proportionate share of each such Class Members to the entire Settlement as provided in 28 U.S.C. § 1715(b)(7)(A); therefore, each notice included a reasonable estimate of the number of Class Members residing in each state and the estimated proportionate share of the claims of such Class Members to the entire Settlement. No appropriate state or federal official has entered an appearance or filed an objection to the entry of final approval of the Settlement. Thus, the Court finds that all requirements of 28 U.S.C. § 1715 have been met and complied with and, as a consequence, no Class Member may refuse to comply with or choose not to be bound by the Settlement and this Court's Orders in furtherance thereof, including this Judgment, under the provisions of 28 U.S.C. § 1715.

10. The Litigation and the Complaint and all claims included therein, as well as all Released Claims, are dismissed with prejudice as to the Released Parties. The Court orders that, upon the Effective Date, the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Participating Class Members. The Court finds that Defendant has also released

certain claims (as described in Paragraph 4.2 of the Settlement Agreement) against Plaintiffs and Participating Class Members and, in accordance with the terms of the Settlement Agreement, Defendant is hereby enjoined from asserting or prosecuting such released claims against such persons and entities. The Releasing Parties are hereby deemed to have finally, fully, and forever conclusively released, relinquished, and discharged all of the Released Claims against the Released Parties to the fullest extent permitted by law. The Court thus hereby permanently bars and enjoins the Releasing Parties, and each of them (regardless of whether or not any such person or party shares in the Net Settlement Fund), and all persons acting on their behalf from, directly or indirectly, or through others, suing, instigating, instituting, pursuing, or asserting against the Released Parties any claims or actions on or concerning the Released Claims. The Released Parties are discharged and/or released from all claims for contribution that have been or may be brought by or on behalf of any persons relating to the Settlement of the Released Claims. The releases and prohibitions of this paragraph apply equally to any claim that relates to the subject matter of the Released Claims except as expressly excluded therefrom. The Court's approval of the Settlement and entry of judgment herein shall have the effect of barring each of the Releasing Parties from asserting any claim from which that party would be barred by a judgment resolving the certified claims herein had such claims been brought by such party individually. Neither Party will bear the other Party's litigation costs, costs of court, or attorney's fees. The Court orders that the Residual Unclaimed Funds will be paid pursuant to the procedures and limitations and at the time specified in the Settlement Agreement.

11.     The Court also approves the efforts and activities of the Settlement Administrator, JND Legal Administration, and the Escrow Agent, Signature Bank, in assisting with certain aspects of the administration of the Settlement, and directs them to continue to assist Class

Representatives in completing the administration and distribution of the Settlement in accordance with the Settlement Agreement, this Judgment, any Plan of Allocation approved by the Court, and the Court's other orders.

12. Nothing in this Judgment shall bar any action or claim by Class Representatives or Defendant to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

13. If it has not already occurred, the Settlement Administrator is directed to refund to Defendant the amount attributable to Opt-Outs in accordance with paragraph 6.6 of the Settlement Agreement and Supplemental Agreement 1, if applicable.

14. This Judgment, the Settlement, and the Settlement Agreement—including any provisions contained in or exhibits attached to the Settlement Agreement; any negotiations, statements, or proceedings in connection therewith; or any action undertaken pursuant thereto—shall not be used for any purpose or be admissible in any action or proceeding for any reason, other than an action to enforce the terms of this Judgment or the Settlement (including, but not limited to defending or bringing an action based on the release provided for herein). The Judgment, the Settlement, and the Settlement Agreement are not and shall not be deemed, described, or construed to be or offered or received as evidence of a presumption, concession, declaration, or admission by any person or entity of the truth of any allegation made in the Litigation; the validity or invalidity of any claim or defense that was, could have been, or might be asserted in the Litigation; the amount of damages, if any, that would have been recoverable in the Litigation; any liability, negligence, fault, or wrongdoing of any person or entity in the Litigation; or whether any other lawsuit should be certified as a class action pursuant to Federal Rule of Civil Procedure 23 or any applicable state rule of procedure.

15. As separately set forth in detail in the Court's Plan of Allocation Order(s), the Allocation Methodology, the Plan of Allocation, and distribution of the Net Settlement Fund among Participating Class Members are approved as fair, reasonable, and adequate, and Class Counsel and the Settlement Administrator are directed to administer the Settlement in accordance with the Plan of Allocation Order(s) entered by the Court.

16. The Court finds that Class Representatives, Defendant, and their Counsel have complied with the requirements of the Federal Rules of Civil Procedure as to all proceedings and filings in this Litigation. The Court further finds that Class Representatives and Class Counsel adequately represented the Settlement Class in entering into and implementing the Settlement.

17. Neither Defendant nor Defendant's Counsel has any liability or responsibility to Plaintiffs, Plaintiffs' Counsel, or the Settlement Class with respect to the Gross Settlement Fund or its administration, including but not limiting to any distributions made by the Escrow Agent or Settlement Administrator. Except as described in paragraph 6.20 of the Settlement Agreement, no Class Member shall have any claim against Class Counsel, the Settlement Administrator, the Escrow Agent, or any of their respective designees or agents based on the distributions made substantially in accordance with the Settlement Agreement, the Court's Plan of Allocation Order(s), or other orders of the Court.

18. Any Class Member who receives a Distribution Check that he/she/it is not legally entitled to receive is hereby ordered to either (a) pay the appropriate portion(s) of the Distribution Check to the person(s) legally entitled to receive such portion(s) or (b) return the Distribution Check uncashed to the Settlement Administrator.

19. All matters regarding the administration of the Escrow Account and the taxation of funds in the Escrow Account or distributed from the Escrow Account shall be handled in accordance with Section 5 of the Settlement Agreement.

20. Any order approving or modifying any Plan of Allocation Order, the application by Class Counsel for an award of Plaintiffs' Attorneys' Fees or reimbursement of Litigation Expenses, or the request of Class Representatives for a Case Contribution Award shall be handled in accordance with the Settlement Agreement and the documents referenced therein (to the extent the Settlement Agreement and documents referenced therein address such an order).

21. Plaintiffs' Counsel, Plaintiffs, Released Parties, Defendant's Counsel, Defendant, and the Settlement Class will only be liable for loss of any portion of the Settlement Account as described in paragraph 6.20 of the Settlement Agreement.

22. Without affecting the finality of this Judgment in any way, the Court (along with any appellate court with power to review the Court's orders and rulings in the Litigation) reserves exclusive and continuing jurisdiction over the Litigation, Class Representatives, the Settlement Class, and Class Members, Defendant, and the other Released Parties for the purposes of: (a) supervising and/or determining the fairness and reasonableness of the implementation, enforcement, construction, and interpretation of the Settlement, the Settlement Agreement, any Plan of Allocation Order entered by the Court, and this Judgment; (b) hearing and determining any application by Plaintiffs and/or Class Counsel for an award of Plaintiffs' Attorneys' Fees, and Litigation Expenses and/or a Case Contribution Award for Class Representatives, if such determinations were not made at the Final Fairness Hearing; (c) supervising the distribution of funds from the Escrow Account; (d) resolving any dispute regarding a Party's right to terminate the Settlement pursuant to the Settlement Agreement; (e) enforcing the terms of the Settlement,

including the entry of injunctive or other relief to enforce, implement, administer, construe and interpret the Settlement Agreement; and (f) exercising jurisdiction over any challenge to the Settlement on any basis whatsoever.

23. In the event the Settlement is terminated as the result of a successful appeal of this Judgment or does not become Final and Non-Appealable in accordance with the terms of the Settlement Agreement for any reason whatsoever, then this Judgment and all orders previously entered in connection with the Settlement shall be rendered null and void and shall be vacated to the extent provided by and in accordance with the Settlement Agreement. The provisions of the Settlement Agreement relating to termination of the Settlement Agreement shall be complied with.

24. The claims asserted by Class Representatives in this Litigation and all Released Claims of the Participating Class Members are hereby **DISMISSED WITH PREJUDICE** to the refiling of the same or any portion thereof against the Released Parties, or any of them. The Court retains jurisdiction pursuant to paragraph 22 above to administer the Settlement distribution process as contemplated in the Court's separate Plan of Allocation Order(s), to administer other aspects of the Settlement as described in the Settlement Agreement, and to issue additional orders pertaining to, *inter alia*, Class Counsel's request for Plaintiffs' Attorneys' Fees and reimbursement of reasonable Litigation Expenses and Class Representatives' request for a Case Contribution Award. Notwithstanding the Court's jurisdiction to issue additional orders in this Litigation, this Judgment fully disposes of all claims as to Defendant and is therefore a final appealable judgment. Regardless, there is no just reason to delay the finality of the Judgment. The Court further hereby expressly directs the Clerk of the Court to file this Judgment as a final order and final judgment in this Litigation.

25. The Court finds that the objection submitted by Steven Elden Hall on behalf of Land & Mineral Trust (Dkt. No. 24) is overruled and hereby severed from this action for the purposes of appeal. In the event any objector appeals this Order and Judgment or any other rulings of this Court, such objector is hereby ordered to post a cash bond in an amount to be set by the Court.

**IT IS SO ORDERED.**

Dated this 16th day of November, 2022.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE

**APPROVED AS TO FORM**

**CLASS COUNSEL:**

*/s/ Bradley E. Beckworth*
Bradley E. Beckworth, OBA No. 19982
Jeffrey J. Angelovich, OBA No. 19981
Lisa Baldwin, OBA No. 32947
Trey Duck, TX Bar No. 33347
Drew Pate, OBA No. 34600
Cody L. Hill, TX Bar No. 24095836
Winn Cutler, TX Bar No. 24084364
**NIX PATTERSON, LLP**
8701 Bee Cave Road
Bldg. 1, Suite 500
Austin, TX 78746
Telephone: (512) 328-5333
Facsimile: (512) 328-5332
*bbeckworth@nixlaw.com*
*jangelovich@nixlaw.com*
*lbaldwin@nixlaw.com*
*tduck@nixlaw.com*
*dpate@nixlaw.com*
*codyhill@nixlaw.com*
*winncutler@nixlaw.com*

Susan Whatley, OBA No. 30960
**NIX PATTERSON, LLP**
P.O. Box 178
Linden, TX 75563
Telephone: (903) 215-8310
*swhatley@nixlaw.com*

Patrick M. Ryan, OBA No. 7864
Phillip G. Whaley, OBA No. 13371
Jason A. Ryan, OBA No. 18824
Paula M. Jantzen, OBA No. 20464
**RYAN WHALEY COLDIRON JANTZEN PETERS & WEBBER PLLC**
400 N. Walnut Ave.
Oklahoma City, OK 73104
Telephone: 405-239-6040
Facsimile: 405-239-6766
*pryan@ryanwhaley.com*
*pwhaley@ryanwhaley.com*
*jryan@ryanwhaley.com*
*pjantzen@ryanwhaley.com*

Michael Burrage, OBA No. 1350
**WHITTEN BURRAGE**
512 N. Broadway Ave., Suite 300
Oklahoma City, OK 73103
Telephone: (405) 516-7800
Facsimile: (405) 516-7859
*mburrage@whittenburragelaw.com*

Lawrence R. Murphy, Jr., OBA No. 17681
**SMOLEN LAW**
611 S. Detroit Ave.
Tulsa, OK 74120
Telephone: (918) 777-4529
*larry@smolen.law*

*-and-*


**DEFENDANT'S COUNSEL:**


*/s/ Stephen B. Crain*
Mark Banner, OBA No. 13243
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
320 South Boston Avenue, Suite 200
Tulsa, OK 74103-3706
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
*mbanner@hallestill.com*

-and-

Stephen B. Crain, Texas Bar No. 04994580
Edmund W. Robb IV, Texas Bar No. 24080036
**BRACEWELL LLP**
711 Louisiana Street, Suite 2300
Houston, TX 77002
Telephone: (713) 223-2300
Facsimile: (713) 221-1212
*stephen.crain@bracewell.com*
*edmund.robb@bracewell.com*